GEORGE T. McNEILL v. EDMUND ALLEN et al.

(Filed 11 December, 1907).

1. **Deeds and Conveyances — Revisal, sec. 980 — "Unregistered Deeds"—Interpretation of Statutes—Contract to Convey.**

   The use of the words "unregistered deed" in the second proviso, Revisal, sec. 980, is in their broad generic sense and has reference to and the same scope as the words "conveyance of land, or contract to convey, or lease of land," used in the first part of the section. Therefore, when the defendants, holding or claiming under an unregistered bond for title, have been in actual possession since 1873, and when the plaintiff's deed, under which he claims, was executed in 1898, the requirement of registration is excluded and the plaintiff cannot recover.

2. **Same—Contract to Convey—Payment—Evidence—Question for Jury.**

   The question of payment under a contract to convey is a question for the jury, upon conflicting evidence.

CIVIL ACTION in ejectment, heard before *O. H. Allen, J.,* and a jury, at November Term, 1906, of the Superior Court of TRANSYLVANIA County.

Judgment for plaintiff. Defendants excepted and appealed. The facts sufficiently appear in the opinion.

*Manly & Hendren, W. W. Barber* and *R. N. Hackett* for plaintiff.

*Finley & Hendren* for defendants.

CLARK, C. J. On 11 January, 1873, Phineas Horton delivered to the father of defendants a bond to make title, under which he entered into possession, which he and they have held continuously ever since. Phineas Horton died in 1886. A commissioner, appointed by the court, made sale of his lands

in 1898. At this sale the plaintiff became purchaser of this tract, and the commissioner executed to him, 26 August, 1898, a deed therefor, which was registered 8 September, 1898. On 18 October, 1899, the bond to make title, executed to defendants' father in 1873, was registered. The defendants' evidence tended to prove that the amount named in the bond for title had been paid in full. This was controverted by the evidence for the plaintiff.

The court charged the jury, if they believed the evidence, to answer the issue "Yes"—that is, that the plaintiff was the owner of the land. The defendants excepted, and this is the only exception relied on.

In giving this charge, the court held that bonds for title were not in the purview of the second proviso of section 1, chapter 147, Laws of 1885 (now Revisal, sec. 980). This proviso excludes from the operation of the act any "unregistered deed" executed prior to 1 December, 1885, when the person holding or claiming thereunder shall be in the actual possession and enjoyment of the land at the time of the execution of the second deed. The defendants contended that, while the proviso mentions only "unregistered deed," this refers to and is as broad as the words in the first part of the section, "conveyance, contract to convey, or lease of land," and is broad enough to include any kind of sealed instrument sufficient in form and terms to transfer from one person to another either the legal or equitable title to land.

2 Blackstone's Com., 295, defines a deed as "a writing sealed and delivered by the parties." Anderson's Law Dictionary adopts the above definition, and says: "This comprehensive meaning includes any writing under seal, as a bond, lease, mortgage, agreement to convey realty," etc. Coke Litt., 35b, 171b, cited 4 Kent Com., 450, 452, defines a deed as a "writing sealed and delivered by the parties."

The point raised is now presented for the first time. But, considering the evil to be remedied and the evident intent

that there should be exempted from the provisions of the new act titles based on instruments executed prior to 1 December, 1885, we think that the words "unregistered deed," in the second proviso to Revisal, sec. 980, are used in their broad generic sense and have reference to and the same scope as the words "conveyance of land, or contract to convey, or lease of land," used in the first part of the section.

The instruction of his Honor was, therefore, erroneous. Revisal, sec. 980, does not apply where the sealed instrument was executed prior to 1 December, 1885. The rights of the parties will be determined by the law as it stood prior to the enactment of chapter 147, Laws of 1885. Whether the purchase money secured by the bond for title has been paid, in whole or in part, and if in part, what part, are matters for determination by the jury.

Error.